CARL W. STANLEY, Trustee, Appellee, v. E. A. SOUTHWICK, Appellant, AND PRENTIS CLARK, F. M. WIDNER *et al.*, Appellees.

Conversion:  SALE OF GOODS:  ACTION BY MORTGAGEES.  The owner of a stock of goods, after executing mortgages thereon, gave a bill of sale to another who went into possession, and thereafter the owner was declared a bankrupt.  On demand, the pur-

chaser refused to deliver the goods to the mortgagees until he could consult an attorney, but the next day made a formal tender and requested that a time be fixed for an accounting of goods sold. *Held*, in a suit by the trustee in bankruptcy against the purchaser and mortgagees to recover the goods, in which it was determined that both the mortgages and bill of sale were void, it was error to render judgment on a cross-petition of the mortgagees against the purchaser for conversion.

*Appeal from Adams District Court.*—HON. H. M. TOWNER, Judge.

TUESDAY, MAY 19, 1903.

THE correct title of this cause is given in the caption above. By inadvertence and error on the part of counsel for appellant, the title of the cause as printed on the abstract was given as "E. A. Southwick, Appellant, v. F. M. Widner et al., Appellees," and the cause was so docketed. The record is now ordered changed to correspond with the corrected title as given above.

It appears that on and prior to March 24, 1899, C. W. Harlow, one of the defendants, was the owner of a general stock of merchandise situated in the town of Carl, Adams county. On that day he executed and delivered to the defendants F. M. Widner and A. B. Turner a chattel mortgage covering said stock of merchandise to secure a debt then due to Widner in the sum of $1,200 and a debt then due to Turner in the sum of $800. Before the commencement of this action, Turner assigned his interest in said mortgage to the defendant Prentis Clark. Said mortgage was made a matter of record on the day of its execution. Thereafter, and on the same day, said Harlow, being indebted to the defendant Southwick, executed and delivered to him a bill of sale of said stock of merchandise, under which Southwick at once took possession, and thereafter proceeded to sell therefrom in the usual course of business at retail. It appears that this was with the

knowledge and consent of Widner and Clark. In May, 1899, the said Harlow was adjudged an involuntary bankrupt in proceedings brought for that purpose in the district Court of the United States, and on May 18, 1899, the plaintiff in this action was appointed and qualified as trustee of the estate of said Harlow. On May 29th plaintiff, as such trustee, made demand upon Southwick for the possession of the merchandise in question, but such demand was not then complied with. In June following, Widner and Clark, mortgagees, made demand upon Southwick for the merchandise. What followed such demand is a subject of dispute. Southwick claims that he offered to turn the unsold property over, and to account for the portion sold, but all to be subject to the bankruptcy proceedings, which offer was refused. Widner and Clark contend that their demand was refused without qualification. Be this as it may, it is undisputed that on the day following, Southwick, after having consulted his attorneys, made formal tender in writing of the merchandise to Widner and Clark, and requested that a time and place be fixed at which an accounting might be had concerning the goods sold, and offering to pay the value thereof. This tender was refused, and no accounting appears to have been had. This action in equity was commenced in July, and, after alleging the facts substantially set forth above, it is said in the petition that at the time said mortgage and bill of sale were executed the said Harlow was insolvent; that said tranfers were intended as preferences, in violation of the bankrupt law. A decree is prayed adjudging such transfeis to be void, and for cancelation thereof, and that plaintiff have possession as against all defendants; further, that an accounting be had as against defendant Southwick. A receiver was also prayed for and appointed, and to him possession of the property was at once delivered by Southwick. The answers of the defendants Widner and Clark put in issue the allegations of insolvency and preference,

and each file a cross-petition as against the defendant Southwick, alleging conversion of the stock of merchandise by him, and demanding judgment in favor of Widner in the sum of $1,200 and interest, and in favor of Clark in the sum of $800 and interest. Defendant Southwick answers the petition of plaintiff, alleging that he has at all times been willing to turn over the property and make an accounting as soon as advised of the proper parties entitled thereto. In answer to the cross-petition, he denies conversion, and, as in his answer to the petition of plaintiff, alleges that he has at all times been ready and willing to account to the party entitled thereto, sets up the bankruptcy proceedings, and says that the plaintiff, trustee, has at all times claimed to be entitled to the property, and that he has delivered such property to him, and offered to account to him for all goods sold. Trial was had to the court, resulting in a decree dated and entered on March 4, 1901, finding the equities in favor of plaintiff; further finding the sum of $894.40 to be due plaintiff from defendant Southwick on account of goods sold by him, and rendering judgment therefor; further finding that plaintiff is entitled to the property in the hands of the receiver, and directing the same to be delivered accordingly. On the same day the court made and entered a further and separate decree having reference to the issues joined upon the cross-petition, in which decree it is found that defendant Southwick had converted the mortgaged goods of defendant Widner of the value of $1,200, for which sum, with interest, amounting in all to $1,320, judgment is rendered in favor of Widner against Southwick; further finding that Southwick had converted mortgaged goods belonging to Clark of the value of $800, for which sum, with interest, amounting in all to $880, judgment is rendered in favor of Clark against Southwick. Southwick alone appeals.—*Affirmed* in part: *Reversed* in part.

D. W. Church for appellant.

W. O. Mitchell for appellee Stanley.

Davis & Wells and Maxwell & Maxwell for appellees Widner and Clark.

BISHOP, C. J.—The appellant makes no complaint concerning the decree of the trial court rendered in favor of the plaintiff, trustee. As defendants Clark and Widner do not appeal, that decree must be held to be conclusive as against them. The complaint of appellant is directed to the decree in favor of Clark and Widner, and he says that thereby he is not only required to pay a second time for all goods sold by him, but also to pay the full value of the goods turned over by him to the receiver. By the decree in favor of plaintiff, the mortgage to Widner and Clark and the bill of sale to Southwick were in substance and effect held void and canceled, as in violation of the provisions of the bankruptcy act. Accordingly it was thereby established that the trustee at the time of his demand in May, 1899, was entitled to have possession of the goods surrendered to him, and this against both Southwick and Widner and Clark. Now, at the time of their alleged demand, and strictly as a matter of law, it may be that as to Southwick alone Widner and Clark were entitled to possession, and, were it not for the bankruptcy proceedings and the demands of the, trustee, a refusal on the part of Southwick to deliver possession would amount to a complete conversion, and give rise to an action in their favor for the full value of the property, or at least to the extent of the indebtedness due them. But this is an action in equity. It appears that the trustee was claiming the goods, and it is clear that, when confronted by the demand of Widner and Clark, Southwick was in doubt as to his rights and duties in the premises, and he

refused to act until advised by his attorneys; that on the next day he made full tender, which was refused. Taking all the circumstances into consideration, nothing more than a technical conversion can be claimed from his refusal to deliver possession the moment demand was made upon him by Clark and Widner; that any prejudice or damage resulted to them therefrom is not even suggested in the record. We think the trial court must have inadvertently signed the decree complained of, because it would be unjust and unconscionable to attach such serious consequences by a decree in equity to an act which at best was a mere technical legal conversion. We agree, therefore, that the decree in favor of plaintiff shall stand affirmed, while the decree in favor of the cross-petitioners, Widner and Clark, is reversed. The costs of this appeal will be taxed to said Widner and Clark jointly.—AFFIRMED in part; REVERSED in part.